NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA MILES HARVEY, *Appellant*.

No. 1 CA-CR 18-0208
FILED 6-11-2019

Appeal from the Superior Court in Maricopa County
No. CR 2015-001971-001
The Honorable Annielaurie Van Wie, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal.  Defendant Joshua Harvey was given the opportunity to file a supplemental brief but did not do so.  Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Harvey, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        Late one evening, Officer Rowland pursued a car that was being operated with its lights off.  When Rowland turned his lights on, the car initially slowed down and moved toward the right shoulder of the road but then veered back into the lane and continued down the off-ramp.  Proceeding onward, the car turned several times and passed several suitable locations to pull over before it finally stopped, prompting Rowland to call for backup.  Rowland approached the vehicle and observed the driver—later identified as Harvey—holding his cell phone up "as if to record" Rowland.  Harvey refused Rowland's repeated requests for his license and registration, asserting he "was not in commerce."  When Harvey rolled down his window, Rowland detected the odor of marijuana.  Other officers soon arrived on scene and tried to remove Harvey, who continued to make strange statements, from the car.  He asserted he would "defend [his] life by any means necessary," and referred to the officers as "squires of the queen."  When the officers eventually arrested Harvey, they observed a slight bulge in his right sock.  Inside, officers found a baggie containing what they believed to be marijuana.

¶3        When Harvey did not consent to voluntarily provide a blood sample, officers took him to a holding facility where they obtained a search warrant authorizing a blood draw.  Harvey's blood tested positive for THC and its metabolite, hydroxy-THC. Forensic analysis indicated the substance

found in Harvey's sock was marijuana. Harvey did not have a valid driver's license at the time of this incident.

¶4 The State charged Harvey with aggravated driving or actual physical control of a vehicle while under the influence of intoxicating liquor or drugs (count one); aggravated driving or actual physical control of a vehicle with the presence of a drug or its metabolite in his body (count two); and possession of marijuana (count three). A jury found Harvey guilty as charged. The jury also found that Harvey committed these offenses while on felony probation. Following a trial on Harvey's historical priors, the superior court found that the State had proved he was a category 3 offender. The court imposed presumptive sentences of 10 years for counts one and two, and 3.75 years for count three, with presentence incarceration credit of 107 days. Harvey timely appealed.

¶5 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Harvey either waived his right to be present, was present and representing himself with the assistance of advisory counsel, or was present and represented by counsel at all critical stages of the proceedings against him.[1] The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Harvey's constitutional and statutory rights. Therefore, we affirm Harvey's convictions and sentences.

¶6 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Harvey of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Harvey has

---

[1] The superior court accepted Harvey's waiver of counsel only after a thorough colloquy. Prompted by his subsequent disruptive conduct, however, the court attempted to again discuss the matter with Harvey before finding he had withdrawn his waiver; prior counsel was therefore reappointed. *See* Ariz. R. Crim. P. 6.1(e) ("A defendant may withdraw a waiver of the right to counsel at any time."). Before trial, and after reviewing the matter with Harvey, the court found that he knowingly, intelligently, and voluntarily waived his right to be present. *See* Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding.").

30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA